JjBYRNES, Judge.
Wayne Rogers sued Texaco for personal injuries allegedly caused by the MTV Aneth-ole B, a boat owned by Texaco.
Mr. Rogers filed suit on July 24, 1990 in the Civil District Court for the Parish of Orleans claiming that he was a Jones Act seaman entitled to sue for negligence and unseaworthiness. Texaco sought to remove the ease to Federal Court and claimed the right to a shipowner’s limitation of liability. The Federal Court allowed the suit of Mr. Rogers to proceed in the Civfi District Court conditioning enforcement of a state judgment against Texaco on the outcome of the limitation proceeding in Federal Court.
On November 10, 1992, Wayne Rogers filed a supplemental petition in the action in Civil District Court bringing Pacific Employers Insurance Company, a member of the CIGNA group (CIGNA) into the litigation as Texaco’s insurer as a defendant under the Direct Action Statute.
On July 1,1993, CIGNA filed a “Petition for Declaratory Judgment” in state court seeking a judgment that the Workers’ Compensation and |2Employers’ Liability Policy which was issued by CIGNA to Texaco contained a Crown Zellerbach clause, thereby enabling CIGNA to fix its maximum liability to that which Texaco may become legally obligated to pay the plaintiff, i.e., if Texaco were to be successful in its claim to limit its liability to the value of the ship, CIGNA’s liability would be similarly limited.[1]
On November 8, 1993, the trial court rendered judgment against CIGNA on its Petition for Declaratory Judgment, declaring in the body of the judgment that the “CIGNA policy does not have a Crown Zellerbach clause.” No separate reasons for judgment were issued.
CIGNA appeals. We reverse and remand.
The question on appeal is: Does the Pacific Employers/CIGNA policy contain a Crown Zellerbach clause, i.e., if the court eventually holds that Texaco is entitled to limit its liability to the value of the vessel, does the Pacific Employers/CIGNA policy contain language that would allow the insurance company to similarly limit its liability in conformity with the decision rendered in Crown Zellerbach Corp. v. Ingram Industries, Inc., 783 F.2d 1296 (5 Cir.1986) cert, den., 479 U.S. 821, 107 S.Ct. 87, 93 L.Ed.2d 40 (1986). We find that the policy language meets the Crown Zellerbach standard.
We agree with the analysis of the Louisiana Direct Action Statute and the criticism of Olympic Towing Corp. v. Nebel Towing Co., 419 F.2d 230 (5 Cir.1969), cert. den. 397 U.S. 989, 90 S.Ct. 1120, 25 L.Ed.2d 396 (1970) found [ain Crown Zellerbach, as relates to policy provisions that limit coverage to the liability of the assured:
As we explain below, this policy limitation cannot be contrary to Louisiana law nor to the public policy of the state.
* * * ⅜: * *
The statute does not purport to interfere with the right of an insurance company to limit the so-called coverage, “in any policy against liability,” to “liability imposed upon him [the assured] by law,” as this policy provides. An insurance company therefore, may — as the company did in this instance — limit the coverage, or liability of the company, to pay only such sums as the insured shall become obligated to pay by reason of the liability imposed upon him by law.
* * * * * ⅜
What — and all — it says is that we, the P & I underwriters, will pay up to but not beyond the assured’s legal liability. Whatever the assured is liable for we will pay, 100% in full with no discount, but no more. [Emphasis added]
In the face of such a wholesome economic principle there is nothing in Nebel Towing that could lead this Court to say — as did *349 the panel and concurring opinion, 745 F.2d [995] 998, — that this is contrary to public or, in the words of Section 655 “in violation of the laws of [the] state.” See note 5 supra. From the standpoint of Louisiana’s concern — reflected in Section 655 — about the injured victims of a tort, how could an insurance policy be more fair than to say: whatever your (the assured’s) liability, we will pay 100% in full without reduction? [Emphasis added].
And what, from the standpoint of fairness and Louisiana’s public policy could be unfair about the P & I policies expressing the insurer’s maximum liability, not in terms of dollars, but rather in words which are plain and readily ascertainable; not in terms of a realized permanent judicial decision?
******
Additionally, insurers enjoy and frequently assert defenses personal to themselves, such as coverage, policy limits, and procurement by misstatement of material facts in the application.” Crown Zellerbach, supra, commencing at 1299.
The plaintiff argues that the Pacific Employers/CIGNA insurance policy “contains no language required by the Crown Zellerbach clause ...”. But Crown Zeller-bach did not establish a standard language requirement. Based on the language emphasized in the quotations from Crown Zel-lerbach, supra, it should be sufficient to state that the insurance company’s liability is limited to that of the insured, which is exactly what the Pacific Employers/CIGNA insurance policy provided. Nowhere in the Crown Zellerbach opinion is there a requirement that such a limitation be “admiralty — limitation of liability specific” as argued by the plaintiff. To the contrary, the language from Crown Zellerbach speaks in general terms, and is remarkably close to the terminology found in the policy at issue in the instant case. In the instant ease the Pacific Employer’s policy states that “We will pay all sums you legally must pay as damages because of bodily injury to your employees ...”. In Crown Zellerbach the court said in the language quoted previously “... how could an insurance policy more fair than to say: whatever your (the assured’s) liability, we will pay 100% without reduction?” Crown Zeller-bach, supra, at 1302.
Plaintiff argues that a letter from Mr. Ollendike to Mr. Keenan dated March 21, 1991 deleting the Maritime Exclusion Endorsement established a $5,000,000 limit of liability that was not subject to the clause limiting CIGNA’s liability to that of Texaco. We disagree. We find that the $5,000,000 limit referred to in the letter of March 21, 1991 was subject to and did not modify | sthe general policy provision limiting the liability of CIGNA to that of its insured, Texaco.
There is no basis for the plaintiff to contend that Crown Zellerbach clauses are viewed with disfavor by the courts or that the courts should limit their application to special or exceptional circumstances. As the court observed recently in Brister v. A.W.I., Inc., 946 F.2d 350, 359 (5 Cir.1991): “inclusion of ‘Crown Zellerbach’ clauses has become routine.”
For the foregoing reasons we find that the Pacific Employers/CIGNA policy contains a Crown Zellerbach clause. This decision is limited to that finding only.[2] The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this judgment.

REVERSED AND REMANDED

. Where similar suits are pending in state and federal courts, state court is the proper forum to interpret an insurance policy as it is governed by state law. Magnolia Marine Transport v. LaPlace Towing Corp., 964 F.2d 1571 (5 Cir.1992).

. If the Limited Liability Act does not apply to Texaco, the Crown Zellerbach clause will not benefit Pacific Employers/CIGNA. As pointed out by the court in Crown Zellerbach:
"... [The Limited Liability Act] is not available for all owners or operators of all ships or vessels for all liabilities.
Even for those owners-operators who can qualify for limitation of liability, the limitation provides them with neither an immunity nor an assured defense. To obtain the benefit of the Act the owners must establish a right to it. That involves the always difficult — and often times impossible — burden of establishing that the casualty occurred without the owner's privity and fault, including prevoyage unseaworthiness. The books are filled with hundreds of cases denying limitation of liability.” Crown Zellerbach at 1303.